# EXHIBIT B

Filed: 5/2/2019 2:25 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 33256382
By: Lisa Kelly
5/2/2019 3:40 PM

19-CV-0791

CAUSE NO._____

| | | |
|---|---|---|
| ELIZABETH MCGONIGAL | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiff,* | § | Galveston County - 10th District Court |
| v. | § | |
| | § | |
| INTERNATIONAL INSURANCE COMPANY | § | _____JUDICIAL DISTRICT |
| OF HANNOVER, | § | |
| HDI GLOBAL SPECIALTY SE, AND | § | |
| LEONARD EARL WILLIAMS | § | |
| | § | |
| *Defendants.* | § | GALVESTON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

NOW comes ELIZABETH MCGONIGAL, who files Plaintiff's Original Petition against INTERNATIONAL INSURANCE COMPANY OF HANNOVER AND HDI GLOBAL SPECIALTY SE, and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II.
### PARTIES & SERVICE

2.      Plaintiff is a policyholder under a policy issued by the Defendant, International Insurance Company of Hannover ("Hannover") and HDI Global Specialty SE ("HDI"). Plaintiff is a citizen of the State of Texas, and as described below, interacted with all of the Defendants and experienced actionable conduct through their insurance claim making the basis if this suit.

Status Conference set 7-25-19

3.      International Insurance Company of Hannover is a foreign-based insurance company that engages in the business of insurance in Texas. The insurance business done by Int'l Insurance Co of Hannover includes, but is not limited to, the following: taking and receiving applications for insurance; receiving and collecting premiums; and issuing insurance policies to consumers of this state, including to Plaintiff.  Hannover may be served by certified mail, return receipt requested, by serving its "Services of Suit Nominee" from the policy issued to Plaintiff, at, Drinker, Biddle & Reith, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036, USA, or wherever else it may be found.

4.      HDI Global Specialty SE is a foreign-based insurance company that engages in the business of insurance in Texas. The insurance business done by HDI includes, but is not limited to, the following: taking and receiving applications for insurance; receiving and collecting premiums; and issuing insurance policies to consumers of this state, including to Plaintiff.  HDI may be served by certified mail, return receipt requested, by serving its "Services of Suit Nominee" from the policy issued to Plaintiff, at, Drinker, Biddle & Reith, 1177 Avenue of the Americas, 41st Floor, New York, NY 10036, USA, or wherever else it may be found.

5.      Leonard E. Williams is a citizen of Texas who conducts his business of insurance adjusting primarily in Texas.  Mr. Williams was the claim's representative who was hired by vericlaim to act as the "claim's representative" on Plaintiff's insurance claim that is the subject of this suit.  Mr. Williams oversaw the work done by Mr. Tony Dolenski who rendered an estimate of damages well below what the actual amount of covered damage was.  Mr. Williams may be served by certified mail, return receipt requested, at, 3138 Pleasant Cove Ct., Houston, TX 77059, or wherever else it may be found.

## III.
### JURISDICTION & VENUE

6.      This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest.  Jurisdiction is thus proper in a District Court of Galveston County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

7.      Venue is appropriate in Galveston County, Texas because all or part of the conduct giving rise to the causes of action were committed in Galveston County, Texas and the property which is the subject of this suit is located in Galveston County, Texas.  Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
### FACTS

8.      Plaintiff, Elizabeth McGonigal, has a policy with Hannover and HDI bearing policy number IH023TX0200177.  The Policy insures the "Dwelling" located 22519 Kennedy Dr., Galveston, TX 77554.   The purported policy period begins June 7, 2015, and continues through June 7, 2016. The Dwelling is insured for $180,000.00, and according to the applicable endorsement there is a $2,500.00 deductible.

9.      In May, 2016 (the "Date of Loss"), Plaintiffs were current on all premiums due. This made the policy in full force and effect, and it also indicates that Plaintiffs were in complete compliance with the terms of the Policy.  This is important because it appears that during the policy period a covered peril occurred causing severe damage to Plaintiff's Property.

10.     More specifically, on the Date of Loss, a shower door was shattered and caused extensive amounts of water to pour out of a shower, soaking numerous areas of Plaintiff's property.

11.     Plaintiff had construction and remediation folks work on the property and believed the problem had been remedied.  Later, they would begin a remodeling project at their property and upon removing some of the flooring, noticed that the water loss had done much more damage than they initially believed.  They filed a claim with Hannover.

12.     Hannover assigned claim number CIH023TX0200025-01-16 to the loss.

13.     A Mr. Leonard Williams was assigned to handle the claim for the carrier.

14.     They then hired Mr. Tony Dolenski to inspect the loss and scope the damage.  He inspected the property on May 8, 2017.  He found roughly $6,417.51 of covered damage to the property.

15.     This amount was not near sufficient to compensate Plaintiff for the covered damages at the property, as she had over $33,000.00 attributable to the damage in question that resulted in the filing of this claim.

16.     Eventually, Defendant(s) brought in Mr. Craig Stevens to also work the claim.

17.     He refused to work with the insured's hired public insurance adjuster, a clear violation of the Texas Insurance Code, and the only time he would reply to Plaintiff's public adjuster was to reiterate his take it or leave low-ball offer of settlement.  Needless to say, this low-ball offer was rejected, as it was roughly $30,000.00 deficient to properly and fully compensate Plaintiff's.

18.     Plaintiff would go on to hire counsel when she felt as though her numerous complaints were going unanswered.  Counsel then sent a letter of representation to Mr. Stevens on February 2, 2018 requesting reasonable documentation to assist in our evaluation of the claim.  Mr. Stevens did not reply to our message for months.  This is a clear violation of the Texas Insurance Code.

19.     After six weeks of no response, Plaintiff's counsel then reached out to other folks on behalf of Defendant(s) who were not the designated contact on the claim in an attempt to get someone to respond.  Mr. Dolenski was sent an e-mail on March 12, 2018 in an attempt to make contact with a representative of the carrier.  He explained he would let Mr. Stevens know we are trying to make contact with Defendant(s).

20.     On March 13, 2018, the very next day, Mr. Stevens finally reached out to Plaintiff's counsel.  However, he did not do so in an attempt to comply with our reasonable documents request, rather, he did so to reiterate his previously made misrepresentations to the insured(s).  He begins to discuss how Hannover "may have" been prejudiced by alleged late reporting of the claim to the carrier.  However, any perceived late reporting did not prohibit Mr. Dolenski from scoping covered damage to the insured, albeit, an amount significantly lower than the Plaintiff was claiming.

21.     Having finally at least gotten an e-mail from Mr. Stevens, Plaintiff's counsel followed back up with Mr. Stevens on March 21, 2018 and made it clear yet again we still did not receive the documents we requested, now seven weeks previously.   No response was forthcoming.

22.     Once again, Plaintiff's counsel went above and beyond and followed up again, this time on April 24, 2018, after having no contact from Mr. Stevens for another period of time over a month in time.  The total time since our reasonable document request was now over three months.

23.     Mr. Stevens proves his intent of deception and ignorance by receiving Plaintiff's counsel's e-mail on April 24, 2018, and instead of replying, he sends an e-mail on April 25, 2018 to a Mr. Ron Struhs.  He opens his e-mail to Mr. Struhs by stating, inexplicably, "There hasn't

been much activity on this file." He explains that rather than sending the simple documents we requested, such as disposition letters, estimates, etc., that, "I recommend we hire coverage counsel to review the claim issues and respond regarding the requested file information." It appears he was well aware of his violations of the Texas Insurance Code, and requested that a lawyer be hired to defend their innocuous handling of the claim, which he described as, "claim issues." His e-mail is here:

**From:** Craig Stevens
**Sent:** Wednesday, April 25, 2018 9:43 AM
**To:** Ron Struhs <rstruhs@tridentclaims.com>
**Subject:** Claim No.: EV2017007043 - Elizabeth McGonigal - Attorney Letter of Representation

Ron,
There hasn't been much activity on this file. We last reported to Lisa at Hannover in September. In February, we received the attached attorney letter of representation. In turn, we forwarded a complete copy of the policy. In the email below, the insured's attorney requests the claim file documents. I'm uncertain whether or not we truly owe provision of the claim file at this juncture. I recommend we hire coverage counsel to review the claim issues and respond regarding the requested file information.

Regards,

Craig Stevens, CPCU

24.     Next, on May 2, 2018, Plaintiff's counsel gets an e-mail from Mr. Stevens, which states that, "the insurer gave us authority to share the requested documentation." It is clear to see, when a competent lawyer saw the blatant intentional deception and clear bad-faith conduct Mr. Stevens had propagated untoward one of their insureds, they rightfully said the documentation should immediately be sent to attempt to lessen the furthering of the damage Mr. Stevens had already done on the claim. It's simply a microcosm of the way in which Mr. Stevens on behalf of Hannover made multiple misrepresentations, ignored the insured, the insured's hired public adjuster, the insured's hired counsel, and when a lawyer for Hannover saw the abhorrent way he had dealt with the claim and the way in which Hannover allowed him to handle the claim, they immediately requested he try and pick of the pieces of his mess.

6

25.    Plaintiff has since sent a demand compliant with the Texas Insurance Code.

**V.**
**CAUSES OF ACTION & THEORIES OF LIABILITY**

26.    All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

*A.*    *Noncompliance with the Texas Insurance Code*

27.    As described above, Defendants' conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code.  Section 541.151 and Section 542.060 of the Texas Insurance Code makes these violations actionable.

28.    Due to the relationship (and/or their engagement in the business of insurance) between Plaintiff, Hannover, HDI, Mr. Stevens, and Mr. Dolenski, there are numerous obligations owed to Plaintiff under the Texas Insurance Code.[1]  Section 541.060 makes it an unfair or deceptive act for an insurer to engage in the following:

   a. To misrepresent material facts relating to coverage at issue (§ 541.060(a)(1)) & (§ 542.003(b)(1) with the inclusion of knowingly);

   b. To not attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

   c. To fail to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim

---

[1] Plaintiff is also a "person" under the Texas Insurance Code, which gives it standing to bring claims under the Texas Insurance Code.

(§ 541.060(a)(3));

    d.   To fail to affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

    e.   To refuse to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    f.   To make an untrue statement of material fact (§ 541.061(1));

    g.   To not properly state all material facts in order to make other statements not misleading, considering the circumstances under which the statements were made (§ 541.061(2));

    h.   To not make a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact (§ 541.061(3));.

29.    Lastly, they are that it is also a violation of the Texas Insurance Code to: delay payment for more than 5 business days after alerting an insured that payment would be forthcoming (§ 542.057), and delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

30.    Based on the foregoing, it cannot be said that Defendants or the various adjusters assigned to this claim acted in good faith towards Plaintiff or abided by the Texas Insurance Code.

31.    Plaintiff seeks to recover actual damages, and in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees.  Plaintiff also

seeks pre-judgment interest.

**B.**     ***Breach Of The Duty Of Good Faith And Fair Dealing***

32.     Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Plaintiff.

33.     In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed. For these reasons, a duty exists.  Plaintiff contends Defendants breached their duty of good faith and fair dealing:

a.   Because there was no reasonable basis for Defendants to deny Plaintiff's claim;

b.   Because there was no reasonable basis for Defendants to delay Plaintiff's claim;

c.   Because Defendants failed to determine whether there was any reasonable basis to deny and delay Plaintiff's claim;

d.   Because Defendants failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

e.   Because Defendants refused to pay a claim without conducting a reasonable investigation of the claim.

34.     Defendants' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

35.     Defendants' breach of the duty of good faith and fair dealing has proximately caused damages for the Plaintiff.

**C.     *Respondeat Superior***

36.     Craig Stevens, Tony Dolenski and Lenaord Williams are liable for the actions of their respective employees under a theory of respondeat superior.   Stevens, Dolenski and Williams were acting within their general authority, in furtherance of Defendants' business, and to accomplish an objective for Defendants for which the they were employed.

## VI.
### KNOWLEDGE

37.     Each of the acts described above, together and singularly, was done "knowingly" by Defendants, its agents, and the Trident representatives as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## VII.
### DAMAGES

38.     Plaintiff intends to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff. Plaintiff contends that Defendants' violations of the duty of good faith and fair dealing were the proximate cause of her damages.   Lastly, Plaintiff also contends Defendants' actions and the actions of the other Defendants were in violation of the Texas Insurance Code and were the producing cause of her damages.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

39.     For noncompliance with the Texas Insurance Code, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy,

court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts described above, Plaintiff seeks three times the actual damages. Tex. Ins. Code §541.152.

40.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, as well as the applicable interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

41.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

### REQUEST FOR DISCLOSURES

42.     Pursuant to Rue 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant provide the information required in a Request for Disclosure.

## IX.

### FIRST REQUEST FOR PRODUCTION TO DEFENDANT

43.     Pursuant to Rue 196 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant respond to the following Request for Production:

    a.  Produce the Defendants' complete claim file (excluding all privileged portions) for claim no. CIH023TX0200025-01-16 made against the policy number IH023TX0200177.  This request seeks documents made on or before May 6, 2015 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

b.   Produce all non-privileged emails and other forms of communication from or to Defendants, Mr. Stevens, Mr. Dolenski, Mr. Williams, and any employee of Vericlaim Claim Consultants and Trident Claims, any of their agents, employees who worked on or were involved Plaintiff's claim no. CIH023TX0200025-01-16.  This request seeks documents made on or before May 6, 2015 and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

c.   Produce a copy of the underwriting file for Policy IH023TX0200177.  This request seeks documents made on or before the inception of this Policy and up until you anticipated litigation.  Please produce a privilege log for any portions withheld on a claim of privilege.

d.   Produce all documents and communications provided to Mr. Stevens before, during, and after his inspection.

e.   Produce all documents and communications provided to Mr. Dolenski before, during, and after his inspection.

f.   Produce all documents and communications provided to Vericlaim Claim Services before, during, and after its inspection.

## X.

44.    As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff counsel states that Plaintiff seeks monetary relief over $100,000 but not more than $200,000.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## XII.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff have judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for

pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special against Defendants, to which Plaintiff may be justly entitled.

**Respectfully submitted,**

CROWELL & KUCERA, PLLC
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:     (512) 870-7099
Facsimile:      (512) 388-9520

BY: _____
BENJAMIN R. CROWELL III
State Bar No. 24087360
ben@ck-firm.com
BRENNAN M. KUCERA
State Bar No. 24076491
brennan@ck-firm.com

ATTORNEYS FOR PLAINTIFF

**PLAINTIFF REQUESTS A TRIAL BY JURY**